FILED

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AM JUN 30 P 3: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

REBER TAHA, FARHAD MALTAI, SHIVAN SADI, RANJ AHMED, SAMI PAULS, MAHMOOD AL-NAQSHABANDI, DELER SHAMDEEM, SWARA DELOYI, BAKTAIR HAMASAED, SAFEEN HAMAD, MOHAMMED SALEHI, BEWAR OTHMANHAJI, DAHAM SHWANI, SAPHEEN BARWARRIE, YASSIN YASSIN, MUSTAFA NABI, AHMED MOHAMMED, ABDULLA YOUSIFY, HUSSEIN MUHAMMED, KEYFI MUSTAFA, SAADI BERWARY, JEGER FAROK, DILOVAN MALLAH, NAZAR HABIB, HALAT ALANI, SHAMAL JAFF, HAFAL JAWDAT, HAMEED DOHUKY, AYOUB AHMED, SALIM RAWDAH, BERY AMEEN, HANEE AMEEN, HEVRIS SHIRWANI, (Total of 33 Plaintiffs)

     Plaintiffs,

vs.

L3 COMMUNICATIONS CORPORATION, a corporation, L3 COMMUNICATIONS HOLDINGS, INC., a corporation, TITAN TRANSLATORS, a corporation, L-3 Services, Inc., a corporation,

    Defendants.

Case No. 1:09CV720

JCC/JFA

COMPLAINT FOR DAMAGES FOR PERSONNEL WORKING IN IRAQ FOR:

1.  FAILURE TO COMPENSATE PLAINTIFFS FOR ALL HOURS WORKED

2.  NON-PAYMENT OF OVERTIME

3.  CONVERSION with punitive damages

4.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING with punitive damages

5.  FRAUD AND/OR DECEIT FOR SHAM BEHAVIOR BY DEFENDANTS with punitive damages

Including interest, costs, & attorney fees

**ALL PLAINTIFFS DEMAND JURY**

1

`Plaintiffs allege the following:`

## GENERAL ALLEGATIONS
### (Against All Defendants)

1. Plaintiffs were non-exempt employees of Defendants at the times noted herein, working in Iraq for the benefit of the United States Military as explained below. This is a claim for compensation brought against Plaintiffs' employers pursuant to § 216(b) of the Fair Labor Standards Act [29 U.S.C. § 201 et seq., hereinafter referred to as the "Act"] for violations of state and federal wage and hour laws, as well as common law and/or statutory fraud/deceit, and conversion, and/or any other State's laws that may apply and/or even Iraqi law and/or International law. Plaintiffs are seeking to recover unpaid overtime and hourly wages, reimbursement of employee expenses, record keeping penalties, statutory waiting time penalties, compensatory damages for fraud/deceit and/or conversion, and punitive damages, pre-judgment interest and attorney fees and legal costs.

2. Defendants L3 Communications Corporation (hereinafter "L3"), L3 Communications Holdings, Inc. (hereinafter "L3H"), and Titan Corporation (hereinafter "Titan") and/or L-3 Services, Inc. (hereinafter "LSI") are, and at all times herein mentioned were, a business entity, believed to be corporations, but true form unknown, doing business in or around Arlington, Virginia and/or Alexandria, Virginia.

3. Said Defendants also were doing business at the time of the allegations herein in or around Southern California and/or the Country of Iraq.

4. The employment which is the subject of this action was entered into at least in part in or around Arlington, Virginia and/or Alexandria, Virginia.

5. Thus, this Court is a proper venue.

6. At all times herein mentioned, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

7. All Defendants employed plaintiffs in a very special and unique role as more described below in or around 2003 to 2007.

8. The gravamen of the employment is best described as follows:

a. Defendants and each of them contracted, as private contractors, with the United States of America to supply Iraqi born civilians to help the U.S. Army soldiers and U.S. Marine Corps marines fight the War on Terror in Iraq and/or other locations outside the United States such as Kuwait. (Whenever the words "in Iraq" are used herein, they also mean said other locations outside the United States, such as Kuwait as an exmple. Likewise, whenever the California law and/or the Federal law are mentioned herein, they are meant to include and allege other States' laws, including but not limited to Virginia law, that may apply to this case, and/or any international law and/or Iraqi law that may apply to this case.)

b. Said Iraqi civilians, all of the Plaintiffs herein, had as their job to literally be working 24 hours a day, 7 days a week, for upwards of one year or more, at times continuously, without a break and without the ability to perform personal affairs while in Iraq.

c. During their tours of duty in Iraq for said employers, the Defendants herein, Plaintiffs were confined to their living areas, could not wander off post or off base at will, and were literally "on the job" 24 hours every day, 7 days a week, because in Iraq there would be no distinction among the real Iraqi Nationals as far as their living their lives 24 a day and the American-Iraqis, Plaintiffs herein insofar as how they would live and work to help America in the War on Terror in Iraq.

d. In fact, oftentimes Plaintiffs would be rousted from their beds in the middle of the night to aid the U.S. Military in a military operation.

e. Even the Plaintiffs acting as translators also had to be available 24 hours a day, and were in fact required to assist the soldiers and marines in said War in Iraq.

f. Defendants had the sole right to tell the Plaintiffs exactly how to do their jobs. The Defendants gave the Plaintiffs jobs and duties, and the Plaintiffs were required to abide by jobs and duties. The Plaintiffs had no right to change their jobs and duties. Virtually every minute of every day while Plaintiffs were in Iraq, their lives were controlled by the Defendants.

g. In doing their jobs, even though Plaintiffs signed what was furnished papers to them alleging them to be EXEMPT EMPLOYEES (i.e., exempt from overtime payments), Plaintiffs were in fact in no way EXEMPT EMPLOYEES, but instead were NON-EXEMPT EMPLOYEES of Defendants by the specialness and uniqueness of their jobs, as well as the sensitivity of their jobs insofar as national security is concerned, such that they in every way

4

acted as non-exempt employees of Defendants rather than exempt employees, with no significant supervisorial duties. They had no right to make policy, hire, fire, or be the "boss" of any particular job.

h. Insofar as said exempt employee papers purported to make Plaintiffs "exempt employees" instead of "non-employees" of Defendants, and insofar as said papers supplied by Defendants were an oppressive contract against Plaintiffs, said contract was a fraud and a sham and oppressive, having nothing to do with reality on the job and/or the location of the job, and therefore was a nullity in said particulars since it deceived and defrauded and oppressed Plaintiffs.

i. All of said actions by Defendants herein were intentional, and/or done with recklessly and without regard for the truth.

j. With regards to the fraud/deceit alleged herein, all of said actions by the Defendants of fraud/deceit were done within the past 2 and/or 3 years since the discovery of said fraud/deceit by the Plaintiffs. Plus, said fraud/deceit continued as an ongoing and continuous tortious action through 2006 and 2007.

k. Defendants from time to time took wages from Plaintiffs for alleged misdeeds of Plaintiffs without just cause and/or a legal basis to do so, also showing the total power and control that Defendants had over Plaintiffs.

9. At all times herein mentioned defendants required, suffered or permitted the following terms and conditions of plaintiffs' employment:

a. Defendants failed to pay plaintiffs for all overtime hours worked during the three years preceding the filing of this action in excess of eight in a day or forty in a week at the appropriate overtime rate of one and one-half times plaintiffs' regular wage rate for all hours

5

worked in excess of eight in a day and forty in a week or in the alternative within Federal law pursuant to the Act (FLSA) and/or any other such state's law if said law applies herein;

b. Defendants failed to pay plaintiffs for all hours worked in excess of eight in a day or forty in a week at overtime rates.

10. At all times herein mentioned defendants failed to pay plaintiffs for all their regular and overtime hours worked as described above under State and/or Federal law.

11. At all times herein-mentioned defendants failed to maintain wage and hour records regarding plaintiffs' employment as required by law. [ Federal law (e.g., FSLA and/or other states' law such as Virginia law, if any such other state's law applies herein.]

## FIRST CAUSE OF ACTION

### (Failure to Compensate Plaintiffs for All Hours Worked – Against All Defendants)

12. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive, above.

13. Defendants failed to pay plaintiffs at the contracted for wages for all the hours actually worked. Defendants' failure to pay said compensation to plaintiffs was a violation of the Act and/or any other state's law that may apply herein, including but not limited to Virginia. At all times herein, whenever any mention is made of compensation, wages, and/or any other

6

employment benefit of any kind or label, said mention includes bonuses, special payments, and/or any other type of emolument of whatever kind or label.

14. Plaintiffs are accordingly entitled to receive compensation at the applicable contracted rates, including time and one half for overtime as alleged herein, in effect at the time in an amount according to proof, e.g., for the 12 hours worked while Plainiffs were working a 24-hour shift for 7 days a week during their jobs in Iraq, as noted above.

15. Plaintiffs are entitled by statute to reasonable attorney fees [29 U.S.C. § 216(b)], and/or Virginia and/or other States' law that may apply, pre-judgment interest at the legal rate of 10% as a direct and legal result of defendants' failure to pay minimum wage compensation and/or Federal and/or any state's law that may apply herein.

16. Alternatively, Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed and/or under Fedral law and/or any other state's law that may apply. [29 U.S.C. § 216(b) and/or any other States' law that may apply.]

## SECOND CAUSE OF ACTION

### (Non-Payment of Overtime – Against All Defendants)

17. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, above.

18. Defendants' failure to pay overtime compensation to plaintiffs was a violation of the Act, and/or any other state's law that may apply herein.

19. Plaintiffs are accordingly entitled to receive compensation at one and one-half times their regular rate of pay for the work described above greater than 40 hours pe week.

20. Plaintiffs are entitled by statute to reasonable attorney fees [29 U.S.C. § 216(b)] & the Act and/or any other state's law that may apply.

21. Alternatively, Plaintiffs are also entitled to liquidated damages in an amount equal to the wages owed. [29 U.S.C. § 216(b).]

### THIRD CAUSE OF ACTION

#### (Conversion – Against All Defendants)

22. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, above.

23. Plaintiffs had a property ownership right in their wages that vested as soon as they performed their work for defendants.

8

24. Defendants converted plaintiffs' wages by intentionally and wrongfully failing and refusing to pay plaintiffs' their required wages. Defendants converted said wages intentionally to harm Plaintiffs, i.e., maliciously, and/or recklessly and without regard for the truth.

25. Plaintiffs have been damaged by defendants' conversion of their wages in the amount of the wages and expenses withheld, along with all attorney fees and costs incurred in recovering said property.

26. Plaintiffs have further sustained general damage in an amount according to proof because of defendants' tortious conversion of their wages.

27. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiffs' rights under Virginia law and/or the laws of any applicable state. Specifically defendants intentionally withheld plaintiffs' wages, and therefore are responsible for punitive damages according to proof at trial.

## FOURTH CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

28. Plaintiffs restate and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, above.

9

29. The defendants' relationship with plaintiffs contained an implied covenant of good faith and fair dealing by which defendants promised to deal fairly and in good faith with plaintiffs with regard to defendants' performance of their obligations under the contract, including the prompt and full payment of all wages. Plaintiffs are informed and believe that defendants sought to wrongfully withhold a portion of the wages due, and therefore tortuously breached the covenant.

30. Plaintiffs have been damaged in the amount of all wages and expenses owed in an amount according to proof.

31. Plaintiffs have furthered sustained general damage in an amount according to proof.

32. Defendants breached said covenant with oppression and/or malice and therefore are responsible for punitive damages according to proof at trial.

FIFTH  CAUSE OF ACTION

(Fraud and/or Deceit for Sham Behavior by Defendants  Purporting Plaintiffs to be Exempt Empolyees When Defendatnts Knew Plaintiffs Were Non-exempt Employees )

33. Plaintiff restates and incorporates herein by reference each and evey allegation contained in paragraphs 1 through 40, inclusive, above.

34. Defendants committed fraud and/or deceit when they required Plaintiffs to sign a sham papers purporting to be exempt employees, when Defendants KNEW, ane/or with a reckless disregard for the truth failed to know, that the jobs of Plaintiffs would legally place them as non-exempt employees.

35. Part of Defendants' purpose in fraudulently leading Plaintiffs to believe they were exempt employees, when Defendants KNEW they were really employees in actions and job requirements, was so that Defendants could not only defraud Plaintiffs out of their rightful overtime.

36. In so doing as alleged, Defendants did in fact defraud and/or deceive Plaintiffs from overtime as well as other benefits of employment as employees, and Plaintiffs have been damaged thereby in reliance on the intentional misrepresentations (fraud and/or deceit) of Defendants according to proof at trial.

37. In so doing as alleged, Defendants defrauded and/or deceived Plaintiffs with oppression and/or malice, such that puntive damages should be awarded for said fraud, oppression, and/or malice.

38. In so doing as alleged, Plaintiffs have been damaged by compensatory damages including emotional distress and the like.

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them, as follows:

1.  Damages for non-payment of regular and overtime compensation each according to proof;  Waiting time penalties in the amount of according to law;

2. Compensatory and general damages for all Causes of Action.

3.  Compensatory and general damages for conversion and breach of the implied covenant of good faith and fair dealing and fraud/deceit in an amount according to proof;

4.  Punitive damages fraud and/or deceit as alleged herein;

5.  Reasonable attorney fees;

6.  Pre-judgment interest;

7.  Costs of suit.

8.  Alternatively, liquidated damages in an amount equal to the unpaid wages due;

9.  Such other and further relief as the court may deem proper.

Dated:

Michael Green
Margolis, Pritzker, Epstein, & Blatt,  PA
110 West Road
Suite 222
Towson, MD 21204
Phone: (410) 823-2222
Fax:    (410) 337-0098
mgreen@mpelaw.com
Attorneys for All Plaintiffs