THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

REBER TAHA, FARHAD MALTAI, SHIVAN SADI, RANJ AHMED, SAMI PAULS, MAHMOOD AL-NAQSHABANDI, DELER SHAMDEEM, SWARA DELOYI, BAKTAIR HAMASAED, SAFEEN HAMAD, MOHAMMED SALEHI, BEWAR OTHMANHAJI, DAHAM SHWANI, SAPHEEN BARWARRIE, YASSIN YASSIN, MUSTAFA NABI, AHMED MOHAMMED, ABDULLA YOUSIFY, HUSSEIN MUHAMMED, KEYFI MUSTAFA, SAADI BERWARY, JEGER FAROK, DILOVAN MALLAH, NAZAR HABIB, HALAT ALANI, SHAMAL JAFF, HAFAL JAWDAT, HAMEED DOHUKY, AYOUB AHMED, SALIM RAWDAH, BERY AMEEN, HANEE AMEEN, HEVRIS SHIRWANI, (Total of 33 Plaintiffs)

       Plaintiffs,

vs.

L3 COMMUNICATIONS CORPORATION, a corporation, L3 COMMUNICATIONS HOLDINGS, INC., a corporation, TITAN TRANSLATORS, a corporation, L-3 Services, Inc., a corporation,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:09cv720 (JCC/JFA)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

Defendants.

[FRCP 12(B)(6)]

## I.    INTRODUCTION

The gravamen of the Defense Motion to Dismiss is primarily based upon the "foreign employee" exemption pursuant to 29 USC 213(f).[1]

Thus, broken down, the present issues before the Court are the following, insofar as asking and answering the question as to

---

[1]    It is important to note at the outset that each of the named Defendants are effectively ONE Defendant. Defendant Titan was apparently merged into L-3 in or around 2005.

whether or not Plaintiffs can state a viable cause of action notwithstanding Section 213(f):

1. DO THE "IRAQ ONLY" PLAINTIFFS IN TAHA v. L3 FALL UNDER THE "FOREIGN EMPLOYEES" PROVISIONS OF 29 USC 213(f), THUS MAKING THEM EXEMPT EMPLOYEES AND THEREFORE NOT ELIGIBLE FOR OVERTIME PURSUANT TO FLSA?[2] (ANSWER:

---

[2] By the way, the Defense is misleading the Court and is being disingenuous when it overstates the meaning of the designation of "Iraq Only." That designation was NEVER meant to mean that all of the Plaintiffs herein worked ONLY in Iraq. This designation was merely a short-hand for differentiating between the California case of the "Rotation" clients who worked at Ft. Irwin, CA and Twenty-nine Palms, CA, and the Virginia case of clients who worked in "Iraq". Indeed, the Defense attached as EXHIBIT "A" to its Motion to Dismiss the Plaintiffs' Brief in Opposition to a Change of Venue of the Rotation case. However, the Defense omitted Exhibit "6" of that very Brief, i.e., the Declaration of Plaintiffs' California Attorney, Dan Zeidman. In that Declaration, attached hereto as Exhibit "A" to this Response, he clearly stated that 7 of the 372 "Rotation" clients were ALSO "Iraq Only" clients. In other words, 7 of the Plaintiffs in the present case worked BOTH in California AND Iraq for L-3.

3

YES)

2.  EVEN ASSUMING ARGUENDO THAT THEY DO, IS THERE ANOTHER PROVISION OF FEDERAL LAW THAT WOULD MANDATE THEIR BEING PAID OVERTIME NONETHELESS, AS NONEXEMPT EMPLOYEES?   (ANSWER: YES)

3.  EVEN ASSUMING ARGUENDO THAT THEY DO, IS THERE STATE LAW THAT WOULD MANDATE THEIR BEING PAID OVERTIME NONETHELESS, AS NONEXEMPT EMPLOYEES?    (ANSWER: YES)

4.  IF THE ANSWER TO NO. 3 IS "YES", DOES THIS MEAN THAT THE TORT LAWS OF THE STATE OF RESIDENCE OF EACH EMPLOYEE ALSO APPLY?    (ANSWER: YES)

Plaintiffs will first speak to the specific issues listed above, which are the cogent ones in this Motion, and then respond to the tangential issues raised by the Defense in their Brief.  More to the point, Plaintiffs are requesting LEAVE TO AMEND because they do have FACTS which will properly allege viable causes of action.

A.   GRAVAMEN OF THIS CASE

1.  THE "FOREIGN EMPLOYEES" EXEMPTION

On its face, it appears that the exempt status of 29 USC 213(f) would apply to the "Iraq Only" employees working in Iraq, since it is without question that Iraq is a "foreign country."

2.  FEDERAL LAW OTHER THAN FLSA THAT WOULD APPLY

However, there is another body of Federal Law that would apply under the facts of this case, and therefore these employees should have been deemed nonexempt employees.  Indeed, these employees would fit the criteria pursuant to 5 USC 2105, which states in pertinent part:

4

"For purposes of this title, "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is:

(1) appointed in the civil service by one of the following acting in an official capacity: . . . . . .

c. a member of the uniformed service . . . .

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual name by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

The L-3 employees in Iraq effectively performed in the civil service for the U.S. Military under the auspices of the President as Commander in Chief. Thus, even if exempt from FLSA overtime under 29 USC 213(f), they are nonexempt under 5 USC 2105.

3. CERTAIN STATE LAW REQUIRES OVERTIME PAY

It is clear that under FLSA, any state's law that is more protective of employees' rights can take precedence over FLSA and/or other federal requirements.[3] At this time, the states from which the

---

[3] Numerous courts have found that explicit FLSA exemptions do not preempt state law from offering state employees greater protections than FLSA. (See, e.g., Pacific Merchant Shipping Ass'n v. Aubry 918 F.2d 1409, 1417 (9th Cir. 1990). Pacific states that: "We hold that [29 U.S.C.] section 213(b)(6) does not preempt California from applying the state's overtime pay laws to FLSA-exempt seamen working off the California

5

current 33 Taha Plaintiffs resided at the time of entering into the contract for Iraq service were as follows:

(1)    California = 21 Plaintiffs (Has its own Labor Law)

(2)    Tennessee  =  5 Plaintiffs

(3)    Minnesota  =  2 Plaintiffs (Has its own Labor Law)

(4)    Colorado   =  2 Plaintiffs

(5)    Texas      =  1 Plaintiff

(6)    Washington =  1 Plaintiff

(7)    S. Dakota  =  1 Plaintiff

As for the 21 California residents, it is clear that California has its own Labor Code which DOES NOT differentiate between working in a foreign country or in California. (Please see California Labor Code Sections 1194 & 1198.) Furthermore, the contracts for employment were executed IN the state in which the Plaintiff resided, e.g., see the attached to this Response Exhibit "B" , an exemplar contract for Client # 323 (Safeen Hamad), which was clearly executed by him in El Cajon, Ca. Reynolds Elec. & Engineering Co. v. Work. Comp. App. Bd. (1966) 655 Cal. 2d 429 which stands for the proposition that a contract is executed where the offer is accepted. Here, it is clear that each of the Plaintiffs "accepted" the offer to work for L-3 while they were residing in their respective home states and before being flown to Virginia at

coast."

6

L-3's expense. (Of course, the original is presumably in the hands of L3, since Mr. Hamad would have signed that original and mailed it in to Titan (L3) in Fairfax, VA.)

As for the two (2) Minnesota Plaintiffs, their state likewise has state law mandating the payment of overtime for its resident employees. (2009 Minnesota Statutes Section 177.25)

It is clear that the law of the state where the contract was executed is the law of the case. Had L-3 meant for Virginia Law to apply to the contract for work in Iraq, the contract would have so stated, especially since L-3 was the drafter of the contract, and the Plaintiffs had no input into its formation.

Thus, the Defendants' assumed premise that Virginia Law applies to this case is a faulty premise at the outset. The ONLY connection that Virginia has with this contract of employment is that L-3 is headquartered in Virginia, which is the only reason the case was filed in Virginia, and the Plaintiffs received some testing and orientation in Virginia before deployment to Iraq.

In any event, leave to amend should be granted for Plaintiffs to have the opportunity to properly plead these facts.

Plus, before leaving for Virginia, from their respective home states, for orientation before being deployed to Iraq by L-3, L-3 paid for the Plaintiffs' travel costs to Virginia from their home states, including those from California and Minnesota, the two (2) states that have their own overtime law. Furthermore, they were

paid while in Virginia for their testing and orientation before deploying to Iraq.

The Pennsylvania Federal case of <u>Truman v. Dewolff, Boberg & Associates, Inc.</u> 2009 WL 2015126 (W.D. Pa. July 7, 2009) is dispositive of the State Law issues. [Case too new to have an official cite, copy attached as <u>Exhibit "C"</u> to this Response], the Court held that Pennsylvania's overtime law applied to a Pennsylvania citizen working in a foreign country (Canada & England), even though pursuant to 29 USC 213(f), he would not have been eligible for overtime pay for his work in that "foreign country" under FLSA.

The <u>Truman</u> Court stated that:

"Thus, there is nothing in the PMWA [Pennsylvania Wage Collection Act] that restricts the benefits of PMWA to work performed within the United States."

Likewise, in neither in California or Minnesota is there any such restrictions on the duty to pay overtime. In other words, each of the California Plaintiffs was a "California-based employee" and each of the Minnesota was a "Minnesota-based" employee, just as in the <u>Truman</u> case. Indeed, not that the <u>Truman</u> case turns on this issue, but seven (7) of the California-based employees were employees of L-3 as Rotation Role Players/Translators stateside, before they went Iraq for L-3. (For example, the case most heavily relied upon by the Defendant in <u>Truman</u> (and relied upon by the Defendants in the case at bar), the Ohio case of <u>Mitchell v.</u>

8

_Abercrombie & Fitch_, No. C2-04-306, 2005 WL 1159412 (S.D. Ohio May 17, 2005), dealt with a Plaintiff who was not even a resident of Ohio. That is simply NOT the case here.)

In other words, the California employees and the Minnesota employees, as rightfully opined by the _Truman_ Court, have a right to be protected by their own states' laws on the issue of overtime, since the FLSA clearly allows for state law to be more beneficial to its state's employees than the FLSA. (Please see fn. 2 above.)

As for the ten (10) Plaintiffs, who live in states that follow the FLSA, this "state" issue does not apply, but the "civil service" issue does apply. (See No. 2 Above re: 5 USC 2105) Of course, the "civil service" issue would also equally apply to the California and Minnesota residents.

B.  REPLY TO THE TANGENTIAL ISSUES RAISED BY DEFENSE

(1) Citations that are wholly inapposite to the case at bar

First, each of the cases cited by the Defense are distinguishable from the facts in the present case. Taking them one by one, the following demonstrates that fact:

a.  EEOC v. Arabian American Oil Co., 499 U.S. 244

Contrary to the implied assertions of the Defense, this case DOES NOT stand for the proposition that state wage and hour laws do not apply to a case like the one at bar. Indeed, EEOC did not deal with state law at all, but rather it dealt solely with whether or not certain federal statutes (The Civil Rights Act of 1964) could

9

apply overseas.

b.  <u>Priyanto v. M/S Amsterdam</u>, 2009 WL 175739 (C.D. Cal. Jan. 23, 2009)

This case does not even deal with a <u>resident</u> of California.

c.  <u>Rathje v. Scotia Prince Cruises, Ltd.</u>, 2001 WL 1636961 (D. Me. Dec 20, 2001)

This case is completely inapposite to the case at bar as it involves employment contracts <u>aboard a vessel</u>, i.e., an admiralty case.  Such cases have their own unique rules separate and apart from all other cases, having their genesis in the Constitution itself under Art. III.  (See <u>Persson & Rathje v. Scotia Prince Cruises, Ltd.</u> 330 F.3d 28 (1st Cir. 2003), which presumably is a related case to the District Court case cited by the Defense.  In any event, this case has no bearing on any of the contested legal issues herein.)

d.  <u>Glass v. Kemper Corp.</u> 133 F.3d 1000 (7th Cir. 1998)

This case also did NOT involve a resident of Illinois, the state in question.

e.  <u>Alexander v. Vesta Ins. Group, Inc.</u> (N.D. Ala. 2001)

This case dealt with whether or not a "state" claim was preempted by FLSA.  That is NOT this case.  Since FLSA is agreed not to apply here, the tension between the two bodies of law (state tort law vs FLSA) is irrelevant.

(2)  <u>Since it is agreed that FLSA does not apply to these</u>

10

<u>Plaintiffs, there is no legal impediment to their allegations of tort claims under state law</u>

The Plaintiffs agree that FLSA does not apply to their cases, since the bulk of their work was performed in Iraq. On the other hand, insofar as their orientation and some training occurred stateside, not 100% of their work for L-3 occurred in Iraq. And, once again, for the seven (7) Plaintiffs who performed Rotation work for L-3 stateside as Role Players/Translators, a sizable portion of their work for L-3 was in fact stateside, and in particular, in California.

Thus, since the FLSA does not apply, state law does apply, and in particular, the states of California and Minnesota for the 23 Plaintiffs who resided in those states when they accepted the employment for work in Iraq. Thus, all of the cases cited by the Defense, which are based upon the exclusivity of FLSA, are simply not relevant to this case. (Defense Brief Page 10.) <u>The Defense cannot have it both ways</u>, i.e., stating that FLSA does not apply at all (on which the Plaintiffs agree), and then claim that FLSA preempts any tort claims under state law.

Plus, the cases citing Virginia Law are equally inapposite since Virginia Law is not the substantive law of this case, as explained above, especially for the California and Minnesota Plaintiffs. (Please see below.)

Since California recognizes conversion, breach of implied

11

covenant of good faith and fair dealing, and fraud, for the twenty-one (21) California Plaintiffs, these causes of action are ripe for litigation. (See Burlesci v. Petersen (1998) 68 Cal.App.4th 1062, 1066 for "conversion"; Comunale v. Traders & General Ins. Co. (1958) 50 Cal.2d 654, 658 for "breach of good faith"; and California Civil Code Sections 1572, 1709 and 1710 for "fraud".) Insofar as California Business & Professions Code Sections 17200 et. seq. is concerned, a breach due to unfair business practice is unique to California, and therefore admittedly would apply only to the California Plaintiffs.

Minnesota also has specific statutory authority for "conversion", which it calls "civil theft." (2009 Minnesota Statutes Section 604.14) and for "fraud" (2009 Minnesota Statutes Section 513 Subd. 3.)

Insofar as the "fraud" cause of action is concerned, Plaintiffs contend that their allegations are specific enough to overcome the attack on a lack of specificity. Assuming arguendo that there is such a lack, it is partly the fault of the Defense. Why? - Because they have refused to cooperate in furnishing to Plaintiffs the Plaintiffs' payroll and employment records, even though Plaintiffs have given to L-3 signed Employment Authorization Forms to be sent to their attorneys. (Please see Exhibit "A" to this Response, which shows how much Plaintiffs' California attorney has tried to get L-3's to divulge these records, all to no avail due to L-3's lack of

cooperation.)

If the Court believes there is a lack of specificity in the "fraud" cause of action, with a First Amended Complaint, Plaintiffs can correct that problem with more specific allegations. They deserve that opportunity.

With respect to the Plaintiffs' residing in states other than California and Minnesota, where there are no state laws governing overtime, their cases will rise or fall, as noted above, based upon the applicability of 5 USC 2105 (civil service). This is not a "reach." In fact, they were effectively civil servants for the U.S. military during their work in Iraq. Furthermore, there is no proscription per 5 USC 2105 for applying common law tort claims to an overtime claim under that Section. Thus, the common law tort claims of conversion (civil theft) and/or fraud which are actionable in all States would apply here, even for the Plaintiffs not residing in California and Minnesota. (Attached to this Response as Exhibit "D" is the list of Taha Plaintiffs and their home states. Please note that Number 34 on the list (Client #418) is not yet a named Plaintiff, but might be added at a later date.)

Finally, as to the application of Federal Law, Virginia Law, or the Law of the State of the Plaintiff, all of which have arguable points, the Court must choose that law which is "more protective of employees. (29 USC 218; 20 CFR 778.5; Pacific Merchant Shipping Ass'n v. Aubry (9th Cir. 1990) 918 F2d 1409, 1426-1427)    That would

13

obviously mean the use of state law for the Plaintiffs from California and Minnesota, and the "civil service" law for the other Plaintiffs from states without their own overtime protections.

Indeed, this principal was expressly opined by <u>Pacific Merchant</u>:

> "The district court erred by holding that, under principles of federal admiralty law, the FLSA's savings clause cannot allow Aubry to apply California overtime laws that afford greater protection than the FLSA to California-resident maritime employees working primarily on the high seas off the California coast on vessels that do not engage in foreign, intercoastal, or coastwise voyages, whether or not the employees are exempted from the FLSA's overtime provisions." (<u>Id.</u>)

There is no question but that, for example, California (vis-a-vis Virginia) has a far greater interest in its residents' employment than Virginia, wherein the Plaintiffs worked only a few days for testing and orientation, before deploying to Iraq, <u>but where the contract was executed.</u>  Once again, by analogy, just as the California Law on overtime provide more protection to the employee than admiralty law, so does California law provide more protection than FLSA or Virginia Law, which is essentially the same as FLSA.

It is not the "admiralty" portion of the <u>Pacific Merchant</u> case that is instructive here, since admiralty is a unique area of law not directly germane to the case at bar.  Rather, it is the added protection, pursuant to that case and the FLSA, that is afforded the employee that is important within the context of the Plaintiffs

14

here.  They clearly deserve the overtime law that will most protect them, and that is the crucial issue in this case.

## II.  CONCLUSION

For the foregoing reasons, certain overtime laws and tort laws DO apply to the Plaintiffs here, and Plaintiffs should be allowed to file a First Amended Complaint to so state.  As explained above, including the proper allegations that show that California and Minnesota law applies for those Plaintiffs who reside in those states (rather than Virginia law), civil service law applies to those from the other states, and that the law requires the Court to grant Plaintiffs leave to amend when there is a good faith assertion that a viable cause of action can be alleged, as clearly shown here.

Respectfully Submitted,


/s/ Michael Green

Dated: October 13, 2009

_____

Michael Green
Margolis, Pritzker, Epstein, & Blatt, PA
110 West Road
Suite 222
Towson, MD 21204
Phone: (410) 823-2222
Fax:   (410) 337-0098
mgreen@mpelaw.com
Attorneys for Plaintiffs
    By Associate Counsel Dan Zeidman Pro Hac Vice forthcoming

15

## CERTIFICATION OF SERVICE

I hereby certify that on October 13, 2009, I served the foregoing, by filing the same via the Court's ECF System (PACER) and by mail delivery upon:

> John Scalia
> GREENBERG TRAURIG, LLP
> 1750 Tysons Blvd.
> Suite 1200
> McClean, VA 22102
> Tel: (703) 749-1300
> Fax: (703) 749-1301
> scaliaj@gtlaw.com