```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


REBER TAHA, et al.,           )
                              )
     Plaintiffs,              )
                              )
          v.                  )
                              )     1:09cv720 (JCC)
L3 COMMUNICATIONS             )
CORPORATION, et al.,          )
                              )
     Defendants.              )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, along with a number of non-federal common law torts, arising out of their employment by Defendants as civilian-contractors working overseas. For the following reasons, the Court will grant Defendants' Motion to Dismiss.

### **I. Background**

The facts as set forward in the Complaint are as follows. Plaintiffs are Iraqi-born civilian-contractors who were hired by Defendants: L3 Communications Corporation, L3 Communications Holdings, Inc., and Titan Translators, and L-3 Services, Inc. (collectively "L3" or "Defendants"). (Compl. ¶¶

1

2, 8(a).) Plaintiffs were employed by Defendants between 2003-2007. (Compl. ¶ 7.) The Complaint alleges that Defendants "supplied" the United States military with these Iraqi-born civilians and the work performed by the Plaintiffs on behalf of the Defendants was done "in Iraq."[1] (Compl. ¶ 8(a).) During the time the Plaintiffs were on their "tours of duty in Iraq" they allege they were "'on the job' 24 hours every day, 7 days a week'" and that "virtually every minute of every day while Plaintiffs were in Iraq, their lives were controlled by Defendants." (Compl. ¶¶ 8(b-f))(emphasis in original).

Plaintiffs allege that Defendants had them sign "papers" stating that the Plaintiffs were "exempt employees" (*i.e.* exempt from overtime payments) but that in reality they were "non-exempt employees of Defendants by the specialness and uniqueness of their jobs. . . ." (Compl. 8(g).) Defendants are alleged to have, "from time to time," garnished the wages of Plaintiffs for "alleged misdeeds." (Compl. ¶ 8(k).) Defendants, are also alleged to have failed to pay Plaintiffs "pursuant" to the Fair Labor Standards Act (the "F.L.S.A.") for all overtime hours worked "during the three years preceding the filing" of the Complaint. (Compl. ¶ 9(a).)

---

[1] The Complaint defines the phrase "in Iraq" specifically to mean "said other locations outside the United States, such as Kuwait as an exmple [sic]." The Complaint at no time identifies any other location where Plaintiffs completed work for the Defendants other than "in Iraq;" thus, the Court, for purposes of this motion, will assume that all work at issue in the Complaint was performed outside of the United States.

On June 30, 2009, Plaintiffs filed the Complaint now before the Court. The Complaint styles itself as "a claim for compensation brought against Plaintiffs' employers pursuant to § 216(b) of the F.L.S.A., 29 U.S.C. § 201, *et seq*, for violations of state and federal wage and hour laws. . . ." The Plaintiffs seek recovery on five grounds: (1) "Failure to Compensate Plaintiffs for all hours worked;" (2) "Non-payment of Overtime;" (3) Conversion; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; and (5) "Fraud and/or Deceit for Sham Behavior." The first two causes of action are brought under the auspices of the F.L.S.A. Plaintiffs also present alternative grounds for these causes of action stating that Defendants' conduct "was a violation of the [F.L.S.A.] *and/or any other state's law that may apply herein . . . .*" (Compl. ¶¶ 13, 18)(emphasis added). The third cause of action is a non-federal claim for "Conversion" brought "under Virginia law and/or the laws of any applicable state." (Compl. ¶ 27.) Counts four and five are generic tort causes of action that do not specify which State's laws might apply. (Compl. ¶¶ 28-38.)

Plaintiffs also have a related case pending in the United States District Court for the Southern District of California. (See Plaintiffs' Opposition to Motion to Dismiss ("Opp.") 3; Opp. Ex. A.; U.S.D.C. S.D.Ca. Docket No. 03:09-cv-01211-W-CAB (the "California Docket").) That action was

3

originally filed in California State Court, and the case was removed by Defendants on June 4, 2009. (See California Docket.) The lead Plaintiff in the matter before this court, Reber Taha, is also a Plaintiff in the California case. (Id. at 1) In their Opposition to Defendants' Motion to Dismiss, Plaintiffs state that the individual plaintiffs in the matter before this Court are residents of: California (21 plaintiffs), Tennessee (5), Minnesota (2), Colorado (2), and one each from Texas, Washington and South Dakota. (Opp. 6.)[2]

Defendants filed this Motion to Dismiss on October 1, 2009. Plaintiffs filed their Opposition on October 13, with Defendants' Reply following on October 19, 2009. The Court heard argument on the Motion on November 6, 2009. Defendants' motion is before the Court.

## II. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation

---

[2] While these facts are related to the matter before the Court, when considering the legal sufficiency of the complaint, this Court does not consider facts outside of the Complaint in making its determination. See *Chapin v. Knight-Ridder, Inc.,* 993 F.2d 1087, 1109 (4th Cir. 1993) *citing Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991).

omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted to be true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). A claim has "factual plausibility when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. Analysis

The Complaint styles itself as "a claim for compensation brought against Plaintiffs' employers pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,* for violations of state and federal wage and hour laws. . . ." Plaintiffs state five individual causes of action against Defendants and Defendants have moved to dismiss all claims with

5

prejudice. The Court will first evaluate the Plaintiffs' federal F.L.S.A. claims before turning to the supplemental claims brought as alternative grounds for relief presented in Counts I – V.

    A.    <u>Federal Claims: Counts I and II</u>

Plaintiffs initially seek to recover overtime wages, compensation, record keeping penalties, and attorney fees "pursuant to § 216(b) of the Fair Labor Standards Act" for work they claim to have performed for Defendants. The F.L.S.A. provides for both the payment of overtime (§ 207) and contains record keeping requirements (§ 211), and Section 216(b) provides legal remedies for violations of the provisions of the F.L.S.A at issue in this case. 29 U.S.C. §§ 207, 211, 216(b).

Defendants argue that they could not have had a duty to pay Plaintiffs any overtime wages because, as a matter of law, the relevant provisions of the F.L.S.A. do not apply to work done outside of the United States. (Def.'s Mot. to Dismiss 1). Section 213(f) of the F.L.S.A. (entitled "Employment in foreign countries and certain United States territories" reads, in pertinent part: "The provisions of sections 206, 207, 211 and 212 of this title shall not apply with respect to any employee whose services during the work week are performed in a workplace within a foreign country[.]" 29 U.S.C. § 213(f); *see Nicholson v. World Business Network, Inc.*, 105 F.3d 1361, 1363 (11th Cir.

6

1997). Plaintiffs' Complaint repeatedly states that the work done by Plaintiffs performing under their contract was done "<u>in Iraq</u>" and repeatedly emphasizes this point by underlining that phrase. (See Compl. ¶¶ 8(a-c), (e), (f), 14)(emphasis in original). The factual allegations of conduct occurring only "in Iraq," coupled with a lack of any other factual allegations regarding any conduct taking place within the United States, are fatal to Plaintiffs' federal claims. Moreover, Plaintiffs conceded this point both at oral argument and in their Opposition, stating: "The Plaintiffs agree that F.L.S.A. does not apply to their cases since the bulk of their work was performed in Iraq."[3] (Opp. 3-4.)

Even setting aside the concessions by the Plaintiffs, in light of the plain language of the 29 U.S.C. §213(f), this Court will grant Defendants' Motion to Dismiss, and dismiss the F.L.S.A. claims brought under Counts I and II with prejudice.

B. <u>Non-Federal Claims</u>

Before evaluating the sufficiency of Plaintiffs' non-federal causes of action, this Court must first determine if jurisdiction is proper. With the dismissal of the F.L.S.A.

---

[3] In their Opposition, Plaintiffs argue that "federal law other than F.L.S.A." is applicable to their case, and that the Plaintiffs should be considered "non-exempt" under this law. Specifically, Plaintiffs point to 5 U.S.C. § 2105 which defines "federal employee" for purposes of Title 5 of the U.S. Code. Section 2105, however, *only* supplies the definition of "employee" for Title 5 of the United States Code, rather than Title 29, which is at issue here. Plaintiffs do not point to any factual allegations that would support a federal claim against Defendants under any section of Title 5.

7

causes of action, no federal claims exist in this case. Thus, for jurisdiction to be properly found, this Court must either have original jurisdiction over the Plaintiffs' non-federal causes of action through diversity jurisdiction or exercise supplemental jurisdiction over the non-federal claims. 28 U.S.C. §§ 1332, 1367; *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). The Complaint does not allege the citizenship of the Plaintiffs nor does it allege an amount of damages.[4] It also only alleges that the Defendants are "believed to be corporations, but true form unknown doing business in or around . . . Virginia." (Compl. ¶2.) The Complaint does not sufficiently allege diversity of citizenship or the requisite amount in controversy for this Court to find original jurisdiction over the Plaintiffs' non-federal tort claims. 28 U.S.C. § 1332. What remains is this Court's determination regarding supplemental jurisdiction.

The doctrine of supplemental jurisdiction states that federal courts have discretion to retain or dismiss non-federal claims when the federal basis for an action is no longer applicable. *See* 28 U.S.C. § 1367 (codifiying *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)). A district court has discretion to dismiss a case where, as here, the court "has dismissed all claims over which it has original

---

[4] As noted above, in evaluating the legal sufficiency of the Complaint the Court does not evaluate fact that outside of the Complaint. *Supra* Note 2.

8

jurisdiction." 28 U.S.C. § 1367(c)(3). In the Fourth Circuit, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan,* 58 F.3d at 110. Courts take a number of factors into consideration in making this discretionary determination: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1998)). As the *Shanaghan* court states, "the doctrine of supplemental jurisdiction 'is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" *Shanaghan,* 58 F.3d at 110 (*quoting Cohill*, 484 U.S. at 350).

In exercising its discretion, this Court takes the following factors into consideration. First, as the F.L.S.A. is inapplicable, on the face of the Complaint there appears to be no underlying federal issues that would warrant this Court to exercise supplemental jurisdiction. Second, as discovery has not commenced in this case, there is no inconvenience to the parties to have the action consolidated or re-filed in the appropriate state or courts. Third, for several reasons, judicial economy dictates that the Court decline supplemental

jurisdiction over the non-federal claims. As noted previously, there is already a related federal case pending in the Southern District of California (See Opp. 3; Opp. Ex. A.; the California Docket) and the majority of the Plaintiffs in these case are residents of California. (Opp. 6.)[5] At oral argument neither parties' counsel could give the Court any information regarding the procedural posture of that case, however, from a review of the docket it appears that there are several dispositive motions pending there. (See California Docket.) Furthermore, the Complaint before this Court does not assert with any specificity which State's common law and statutory doctrines Plaintiffs are invoking for their non-federal claims.[6] Thus, it is this Court's determination that judicial economy would be best served by the Plaintiffs properly determining which State's employment laws they believe are applicable to their claims and bringing their consolidated causes of action before the appropriate courts. As a result this Court will exercise its discretion and

---

[5] While not taken into account in Defendants' Rule 12(b)(6) Motion the court does consider these factors in weighing whether or not to assert supplemental jurisdiction.

[6] For example, the claim for "Breach of Implied Covenant of Good Faith" does not specify which State's law of Breach of Implied Covenant applies. The only State specifically mentioned in the Complaint is the Commonwealth of Virginia, however, "Virginia law is decidedly straightforward on this matter: the Commonwealth does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in employment contracts, and in at-will employment contracts in particular." *Devnew v. Brown & Brown, Inc.*, 396 F.Supp.2d 665, 671 (E.D. Va., 2005). Even if this Court were to exercise supplemental jurisdiction all non-federal claims would be dismissed without prejudice under Rule 12(b)(6) for failure to assert a specific claim.

decline supplemental jurisdiction over the Plaintiffs' non-federal claims.

### III. Conclusion

For these reasons, the Court will grant Defendants' Motion to Dismiss on all counts. An appropriate Order will issue.

|  |  |
|---|---|
| November 13, 2009<br>Alexandria, Virginia | _____/s/_____<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

11